SEMINOLE LUMBER & EXPORT COMPANY, A CORPORATION, *Plaintiff in Error,* v. THE W. T. KUHNS LUMBER COMPANY, *Defendant in Error.*

En Banc.

Opinion Filed November 19, 1926.

1. It is elementary that a demurrer admits all the facts well pleaded and merely refers the question of the legal sufficiency of such facts to the decision of the Court.

VOL. 92, JUNE TERM, 1926. 917

Seminole Lbr. & Exp. Co., a Corp., v. Kuhns Lbr. Co.—Opinion of Court.

2. In construing pleadings the allegations thereof shall be construed most strongly against the interest of the pleader and after a careful analysis of each count of the declaration, we are of the opinion that when these rules are applied the declaration is sufficient to withstand the attack made by the demurrer.

3. The declaration examined and construed to declare upon an executory contract.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Affirmed.

*Milam & Milam,* for Plaintiff in Error.

*Kay, Adams, Ragland & Kurz* and *Jos. H. Ross,* for Defendant in Error.

BUFORD, J.—In this case the Defendant in Error being the plaintiff in the Court below brought suit to recover damages for an alleged breach of contract.

The declaration upon which trial was had was as follows: "Comes now W. T. Kuhns Lumber Company, a Corporation, Plaintiff, by its attorneys, Kay, Adams & Ragland, and sues the Seminole Lumber & Export Company, a Corporation, Defendant.

First Count. For that heretofore to-wit, on the 1st day of June A. D. 1920, the Plaintiff entered into a certain Contract with the Defendant whereby the Defendant bought of the Plaintiff, and the Plaintiff sold to the Defendant, certain goods and chattels, to-wit: 365,000 feet of lumber of the following quality, dimensions and prices, i. e.:

N. C. Pine Box K/D Rough

| | | |
|---|---|---|
| 50,000 feet 1x6 ″ | @ | $48.00 |
| 100,000 feet 1x8 ″ | @ | 49.00 |
| 100,000 feet 1x10″ | @ | 50.00 |
| 75,000 feet 1x12″ | @ | 52.00 |

That it was provided in and by said purchase and sale that said lumber should be shipped by the Plaintiff to the Defendant, c/o Titcomb Forwarding Co., Seaboard Island, Savannah, Ga., S. A. L. R. R. delivery, for export; that the terms of said purchase and sale were that the prices aforesaid were F. O. B. Tillman, South Carolina; 90% of the value of each car of said lumber to be paid on sight draft with bill of lading attached, and the balance to be paid on the arrival of each car at point of delivery, aforesaid; that thereafter the Plaintiff shipped to the Defendant, and the Defendant accepted and paid for, a portion of said lumber, to-wit:

| | |
|---|---|
| 50,541 feet | 1x6 ″ |
| 48,979 feet | 1x8 ″ |
| 40,803 feet | 1x10″ |
| 73,292 feet | 1x12″ |
| aggregating to-wit | 213,615 feet. |

That of the lumber so bought as aforesaid by the Defendant, and sold as aforesaid by the Plaintiff, there remained the following quantities and dimensions, to-wit:

| | |
|---|---|
| 51,021 feet | 1x8 ″ |
| 59,297 feet | 1x10″ |
| 1,708 feet | 1x12″ |

That the Plaintiff has performed all things on its part to be performed under the terms of said contract, and all

periods of time have elapsed, and all events have happened, to entitle the Plaintiff to performance by the Defendant of its part of said contract. Yet the Defendant did not and would not accept and pay for the remainder of said lumber. That at the time of Defendant's default and breach, as aforesaid, the market price of said lumber so refused by Defendant, as aforesaid, was approximately $27.00 per thousand feet less than the contract price therefor, as aforesaid. That the Plaintiff incurred large expense in keeping and caring for the said lumber remaining undelivered, as aforesaid, and in endeavoring to procure the completion of said contract by the Defendant, and was forced to resell the remainder of said lumber at the prevailing decreased market price aforesaid, and has incurred the costs and charges of such resale; all to the great loss and damage of the Plaintiff in the sum of to-wit: $4,000.00.

WHEREFORE, The Plaintiff sues, and claims $6,000.00 damages.

Second Count. For that heretofore, to-wit, on the 1st day of June A. D. 1920, the Plaintiff bargained and sold to the Defendant and the Defendant bought from the Plaintiff, certain goods, to-wit: 365,000 feet of lumber of the quality, quantity, dimensions and prices following, to-wit:

N. C. Pine Box K/D Rough

| | |
|---|---|
| 50,000 feet 1x6 ''.....................@ | $48.00 |
| 100,000 feet 1x8 ''.....................@ | 49.00 |
| 100,000 feet 1x10''.....................@ | 50.00 |
| 75,000 feet 1x12''.....................@ | 52.00 |

upon the terms that the Plaintiff should ship said lumber to the Defendant c/o Titcomb Forwarding Company,

Seaboard Island, Savannah, Ga., S. A. L. R. R. delivery, for Export, and that the Defendant should accept the same from the Plaintiff and pay the Plaintiff the prices aforesaid for said lumber f. o. b. Tillman, South Carolina; 90% of the value of each car shipped to be paid by the Defendant to the Plaintiff on sight draft drawn by the Plaintiff upon the Defendant with bill of lading attached, and the remainder of the value of each car shipped to be paid when delivered at destination. That all conditions of said bargain and sale were fulfilled by the Plaintiff, and all things have happened, and all times have elapsed, necessary to entitle the Plaintiff to have said lumber, and every part thereof, accepted and paid for by the Defendant. Yet the said Defendant did not and would not accept said lumber from the Plaintiff, or pay the Plaintiff for the same, except a portion of said lumber of the quantity and dimensions following, to-wit:

| | |
|---|---|
| 50,541 feet | 1x6 " |
| 48,979 feet | 1x8 " |
| 40,803 feet | 1x10" |
| 73,292 feet | 1x12" |
| aggregating, to-wit | 213,615 feet. |

But on the contrary the Defendant has wholly failed to accept and pay for a portion of said lumber of the dimensions and quantities following, to-wit:

| | |
|---|---|
| 51,021 feet | 1x8 " |
| 59,297 feet | 1x10" |
| 1,708 feet | 1x12" |

though often requested so to do by the Plaintiff. That at the time of the Defendant's breach aforesaid, and at the time of resale of said remainder of said lumber by Plain-

tiff the market price of the lumber refused by the Defendant as aforesaid had declined to where it could not be resold for as much as one-half of said contract price therefor; by reason whereof the Plaintiff sustained great loss on the resale of the remainder of said lumber, and incurred great expense in keeping said lumber and making resale thereof, as aforesaid, all in the sum of to-wit, $4,000.00.

WHEREFORE the Plaintiff sues and claims $6,000.00 damages.

Third Count. For that heretofore, to-wit, on the 1st day of June, A. D. 1920, the defendant entered into a certain contract with the Plaintiff whereby the Defendant purchased from the Plaintiff and the Plaintiff sold to the Defendant, 325,000 feet of lumber of the quantities, qualities, dimensions and prices following, to-wit:

### N. C. Pine Box K/D Rough

| 50,000 feet 1x6 " | @ $48.00 |
| 100,000 feet 1x8 " | @ 49.00 |
| 100,000 feet 1x10" | @ 50.00 |
| 75,000 feet 1x12" | @ 52.00 |

the same to be shipped as promptly as cars were supplied, and to be paid for by the Defendant at the prices aforesaid f. o. b. Tillman, South Carolina; 90% of the value of each car to be paid on sight draft drawn by the Plaintiff upon the Defendant with bill of lading attached; the remainder of the value of each car to be paid on arrival of each car of said lumber at destination; that said lumber was to be shipped by the Plaintiff to the Defendant c/o Titcomb Forwarding Co., Seaboard Island, Savannah, Ga., S. A. L. R. R. delivery for Export. And the Plaintiff avers that it has done and performed all things incumbent upon it to be done and performed in and about the performance

of said contract, but that the defendant has wholly failed, neglected and refused to complete the performance of said contract, in that it has declined and refused to accept or pay for a portion of said lumber sold by the Plaintiff and bought by the Defendant, as aforesaid, of the quantities and dimensions following, to-wit:

| | | |
|---|---|---|
| 51,021 feet | .......................... | 1x8 " |
| 59,297 feet | .......................... | 1x10" |
| 1,708 feet | .......................... | 1x12" |

though often requested so to do by the Plaintiff. That at the time of the Defendant's breach aforesaid, and at all times thereafter prior to resale made by plaintiff of the said remainder of said lumber, the market price thereof at the place where the defendant should have accepted the same, as aforesaid, was not one-half as much as said contract price therefor. Wherefore the Plaintiff alleges an indebtedness from the Defendant to the Plaintiff in the amount of the difference between the contract price of said lumber, as aforesaid, and the market price thereof, as aforesaid, which amount the Plaintiff alleges to be the sum of to-wit, $3,024.04, together with carrying charges and expenses of resale, as aforesaid, aggregating the sum of $500.00.

WHEREFORE, the Plaintiff sues and claims $6,000.00 damages.

Fourth Count. For that heretofore, to-wit, on the 1st day of June A. D. 1920, the Defendant entered into a certain contract with the Plaintiff, whereby the Defendant purchased from the Plaintiff, and the Plaintiff sold to the Defendant, 325,000 feet of lumber of the quantities, qualities, dimensions and prices following, to-wit:

N. C. Pine Box K/D Rough

|        |                    |         |
|--------|--------------------|---------|
| 50,000 feet 1x6  " | @ | $48.00 |
| 100,000 feet 1x8  " | @ | 49.00 |
| 100,000 feet 1x10" | @ | 50.00 |
| 75,000 feet 1x12" | @ | 52.00 |

the same to be shipped as promptly as cars were supplied, and to be paid for by the Defendant at the prices aforesaid, f. o. b. Tillman, South Carolina; 90% of the value of each car to be paid on sight draft drawn by the Plaintiff upon the Defendant with bill of lading attached; the remainder of the value of each car to be paid on arrival of each car of said lumber at destination; that said lumber was to be shipped by the Plaintiff to the Defendant c/o Titcomb Forwarding Co., Seaboard Island, Savannah, Ga., S. A. L. R. R. delivery, for Export.  And the Plaintiff avers that it was ready, able and willing at all times during the term of said contract to ship said lumber, and every part thereof, to the Defendant, on the terms and conditions provided for in the said contract of sale aforesaid, and repeatedly offered so to do; but the defendant failed, neglected and refused to complete said contract in that the Defendant accepted and paid for only a portion of said lumber, of the quantities and dimensions following, to-wit:

|            |       |
|------------|-------|
| 50,541 feet | 1x 6" |
| 48,979 feet | 1x 8" |
| 40,803 feet | 1x10" |
| 73,292 feet | 1x12" |

aggregating, to-wit ................ ... 213,615 feet; and failed, neglected and refused to accept and pay for the remainder of said lumber of the quantities and dimensions following, to-wit:

| | |
|---|---|
| 51,021 feet .... .................... | 1x 8" |
| 59,297 feet ........................ | 1x10" |
| 1,708 feet ........................ | 1x12" |

although often requested so to do by the Plaintiff. That all spaces of time have elapsed and all things have happened and all things have been done by the Plaintiff, to entitle the Plaintiff to have the Defendant complete its performance of said contract and to accept and pay for the remainder of said lumber. That at the time of Plaintiff's breach as aforesaid, and at all times prior to resale by the Plaintiff of the remainder of said lumber refused by the Defendant, as aforesaid, the market price of said lumber left on the Plaintiff's hands as aforesaid and refused by the Defendant, was not one-half as much as the said contract price therefor; that by reason of the defaults of the said Defendant as aforesaid, and by reason of the decline in market price for said lumber, as aforesaid, the Plaintiff sustained great loss upon the resale of the remainder of said lumber, due to decline in market value thereof, as aforesaid, and due to expense incurred in keeping said lumber and in making resale thereof; all to the great damage of the Plaintiff in the sum of to-wit, $4,000.00.

WHEREFORE, the Plaintiff sues and claims $6,000.00 damages.

KAY, ADAMS & RAGLAND,
Attorneys for Plaintiff.

BILL OF PARTICULARS.

Seminole Lumber & Export Company,
In account with
The W. T. Kuhns Lumber Company
On account of expense in caring for
and protecting 112,026 feet lumber . .$   500.00

On account of expense of resale of 112,-
026 feet of lumber...... ... .....    500.00

On account of loss on resale, due to de-
cline in market price of 112,026 feet

lumber ........ ...... .........$3,024.00''

Motion was made to strike certain parts of each count of the declaration, as follows:

"Comes now the defendant by Milam & Milam, its attorneys, and moves the court to strike the following portions of plaintiff's Fourth Amended Declaration herein:

1. In the first count; "and in endeavoring to procure the completion of said contract by the defendant."

2. In the second count: "and at the time of the resale of remainder of said lumber by plaintiff" and "and incurred great expense in keeping said lumber and making re-sale thereof".

3. In the third count: "together with carrying charges and expenses of re-sale."

4. In the fourth count: "it was ready, able and willing at all times during the term of said contract to ship said lumber and every part thereof to the defendant on the terms and conditions provided for in said contract of sale, aforesaid, and repeatedly offered so to do" and "and due to expense incurred in keeping said lumber and making re-sale thereof."

AND for grounds for such motion, says:

1. That said allegations, each and severally, are irrelevant, immaterial and prejudicial.

2. That said allegations tend to hinder, delay and prevent a fair trial of this cause."

Demurrer was also filed to each count of the Declaration.

The demurrer was overruled and motion to strike was granted.

Pleas were filed by defendant upon which issue was joined and the case was tried.

Trial resulted in a verdict in favor of the Plaintiff for $2600.00 with interest from December 10th, 1920.

At the close of plaintiff's testimony defendant moved for a directed verdict upon the ground that there was fatal variance between the allegations of the declaration and the proof. It was the contention of the defendant that the declaration declared upon an executed contract while all the proof submitted referred to an Executory Contract. The motion for a directed verdict was denied. Defendant filed motion for a new trial, which was denied.

The defendant sued out Writ of Error and presented three assignments of error, as follows:

1. That the Court erred in overruling defendant's demurrer to plaintiff's fourth amended declaration by its order of October 18, 1924.

2. That the Court erred in denying the defendant's motion for an instructed verdict at the close of the plaintiff's testimony.

3. That the Court erred in denying the motion of the defendant to set aside the verdict and grant a new trial.''

The 1st assignment of error is based on the action of the Court in overruling defendant's demurrer to the declaration. It is elementary that a demurrer admits all the facts well pleaded and merely refers the question of the legal sufficiency of such facts to the decision of the Court. Barbee v. Blank Road Company, 6 Fla. 262, A. C. L. Ry. Co. v. Crosby 53 Fla. 400, 43 Sou. 318 and cases there cited.

It is a well-settled rule in this State that in construing pleadings the allegations thereof shall be construed most

strongly against the interest of the pleader and after a careful analysis of each count of the declaration we are of the opinion that when these rules are applied the declaration is sufficient to withstand the attack made by the demurrer.

The 2nd assignment of error is addressed to the action of the Court in denying the defendant's motion for an instructed verdict in favor of defendant at the close of the plaintiff's testimony upon the ground of variance. It is contended by the plaintiff in error that each count of the declaration declares upon an executed contract.

After a careful analysis of each count of the declaration we are unable to concur in this view.

In the first count this language is used: "That it was provided in and by said purchase and sale that said lumber should be shipped by the plaintiff to the defendant, c/o Titcomb Forwarding Co., Seaboard Island, Savannah, Ga., S. A. L. R. R. delivery, for Export; that the terms of said purchase and sale were that the prices aforesaid were f. o. b. Tillman, South Carolina; 90% of the value of each car of said lumber to be paid on sight draft with bill of lading attached, and the balance to be paid on the arrival of each car at point of delivery aforesaid."

In the second count the following language is used; "upon the terms that the plaintiff should ship said lumber to the defendant, c/o Titcomb Forwarding Company, Seaboard Island, Savannah, Ga., S. A. L. R. R. delivery, for Export, and that the defendant should accept the same from the plaintiff and pay the plaintiff the prices aforesaid for said lumber f. o. b. Tillman, South Carolina, 90% of the value of each car shipped to be paid by the defendant to the plaintiff on sight draft drawn by the plaintiff upon the defendant with bill of lading attached, and the

remainder of the value of each car shipped to be paid when delivered at destination.''

In the third count the following language is used:
''the same to be shipped as promptly as cars were supplied, and to be paid for by the defendant at the prices aforesaid f. o. b. Tillman, South Carolina; 90% of the value of each car to be paid on sight draft drawn by the plaintiff upon the defendant with bill of lading attached; the remainder of the value of each car to be paid on arrival of each car of said lumber at destination; that said lumber was to be shipped by the plaintiff to the defendant c/o Titcomb Forwarding Co., Seaboard Island, Savannah, Ga., S. A. L. R. R. delivery, for Export.''

In the fourth count the following language is used:
''the same to be shipped as promptly as cars were supplied, and to be paid for by the defendant at the prices aforesaid f. o. b. Tillman, South Carolina; 90% of the value of each car to be paid on sight draft drawn by the plaintiff upon the defendant with bill of lading attached; the remainder of the value of each car to be paid on arrival of each car of said lumber at destination; that said lumber was to be shipped by the plaintiff to the defendant c/o Titcomb Forwarding Co., Seaboard Island, Savannah, Ga., S. A. L. R. R. delivery, for Export.''
which language so used in each count of the plaintiff's declaration makes it clearly and unequivocally to appear that the contract relied upon was an Executory Contract; that the purchase and sale was made subject to certain conditions thereafter to be performed by each of the parties to the contract. The declaration, while using the words ''the defendant bought of the plaintiff'' and ''the plaintiff sold to the defendant'' clearly sets out and alleges that there were certain things to be done by the vendor and certain things to be done by the vendee before the sale was

completed as between the parties and that the contract sued on was not an executed contract.

The proof submitted conforms to the allegations of the declaration.

The Third Assignment of Error is addressed to the action of the Court in overruling defendant's motion for a new trial. We have not found sufficient cause shown in the record to warrant this Court in holding that the order of the trial court in denying a motion for a new trial should be reversed. The judgment is therefore affirmed.

Affirmed.

Brown, C. J., and Whitfield, Ellis, Terrell and Strum, J. J., concur.